MONTEFIORE CEMETERY COMPANY, INCORPORATED, A CORPORATION, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, NEW JERSEY, AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS.

Submitted May 29, 1925—Decided October 22, 1925.

**Municipalities—Permit to Maintain Cemetery—Permit Afterward Revoked on Ground of Invalidity Because of Lack of Written ·Application, Failure to File Maps, Failure to Grant by Ordinance 'Rather Than Resolution, Because Contrary to Zoning Ordinance and to Ordinances Prohibiting Burials Within City Limits, and Because Corporation Organized Under General Act Was Incompetent to Receive Permit—None of These Reasons Can Avail Defendants—If Original Grant Was Wrongful, It Could Be Determined in a Direct Attack in Competent Tribunal.**

On *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Samuel M. Hollander* (*Robert M. McCarter*, of counsel).

For the defendants, *Jerome T. Congleton* and *Joseph G. Wolber.*

PER CURIAM.

The *certiorari* in this case was issued to review the legality of a resolution of the Newark board of commissioners rescinding a cemetery permit previously granted to one Adas Israel, from whom by assignment the prosecutor claims title and the right to operate a cemetery. The permit itself was granted on April 11th, 1922, and the rescinding resolution was passed on April 18th, 1923, the prosecutor in the meantime having made purchases of land and incurred expenses in availing itself of the benefits of the permit.

It is contended by the defendants that the original resolution granting the permit was invalid, for the reasons that no written application for the permit had been presented or filed; that no map was filed with the city clerk; that the original permit should have been by ordinance; that the permit violated a zoning ordinance in Newark; that it was contrary to an ordinance prohibiting burials and cemeteries within city limits, and, finally, that the cemetery company, being organized under the General Incorporation act, was incompetent to receive the permit.

It seems to us clear that none of these reasons avail the defendants. They all pertain to conditions anterior to the passage of the original resolution, none of which indicate fraud in procuring the permit. The prosecutor, if the permit was valid, acquired vested rights thereunder which could not be taken from it. *Hudson Telephone Co. v. Jersey City,* 49 *N. J. L.* 303; *Phillipsburg Electric Co. v. Phillipsburg,* 66 *Id.* 505; and, even if invalid, it was not for the municipality to pass in judgment upon its own act. This is clearly established by our cases, such as *Phillipsburg Electric Co. v. Phillipsburg, supra; Decker v. Elizabeth,* 57 *Id.* 603, and *Vanaman v. Adams,* 74 *Id.* 125. If the grant was, in the first place, wrongful, this could be reviewed and determined in a direct attack upon that proceedings only before some competent tribunal; it was not open to the commissioners

in this summary fashion, with or without notice, to recall their earlier action.

The validity of the original resolution is not before us on this writ, and we have therefore not given it consideration.

The repealing resolution, for the reasons stated, will be set aside.