FRANK P. FARRELL, PROSECUTOR, v. THE BOARD OF EDUCATION OF THE TOWN OF WEST ORANGE, IN THE COUNTY OF ESSEX, AND RUSSELL RINEHART, SECRETARY OF THE BOARD OF EDUCATION OF THE TOWN OF WEST ORANGE, IN THE COUNTY OF ESSEX, AND BURNS LANE RICHARDSON COMPANY, INCORPORATED, A CORPORATION, DEFENDANTS.

Argued December 23, 1931—Decided December 31, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Michael T. & Hugh C. Barrett* and *Frederick J. Gassert.*

For the defendants, *Grosso, Brundage & Anderson.*

PER CURIAM.

This is an application for a writ of *certiorari* to review a resolution of the board of education of the town of West Orange in the county of Essex, adopted November 20th, 1931, awarding the contract for the heating and ventilating work and equipment for a new school to be erected in the town of West Orange, to Burns Lane Richardson Company, Incorporated, as the low bidder. Application for a writ heretofore made to Chief Justice Gummere was refused by him.

The specifications for the new school called for proposals for the heating and ventilating work and equipment upon the basis of a base bid and thirty-four alternates—the board of education to determine which of the alternates would be

selected and adopted. There were three bidders, Daniel McGrath Company, Burns Lane Richardson Company, Incorporated, and Frank P. Farrell, the prosecutor. At a meeting of the board, held November 19th, 1931, seven of the thirty-four alternates were upon motion selected and adopted, although the good judgment of selecting one of the main alternates was questioned by one of the members of the board. It was found that Daniel McGrath Company, upon the basis of the base bid and this selection of alternates, was the lowest bidder, but when a motion was proposed to award the contract to Daniel McGrath Company, Frank P. Farrell, through his attorney, protested upon the ground that Daniel McGrath Company was disqualified as a bidder because Daniel McGrath Company had not bid on all of the thirty-four alternates. Farrell further claimed that, if Daniel McGrath Company was disqualified, then he, Farrell, would be the lowest bidder and thus entitled to the contract. The motion proposed was not seconded, and no award of contract was made at the meeting. It then being very late at night, the meeting was adjourned and continued until the next evening, November 20th, 1931.

At the meeting held on November 20th, 1931, discussion as to the selection of alternates was renewed, and for apparently good reasons then advanced, there were some changes made in the selection made the night before; and upon the basis of the base bid, and the alternates finally selected and adopted by resolution at this meeting, it was found that Burns Lane Richardson Company, Incorporated, was the lowest bidder, and accordingly resolution was adopted awarding the contract to Burns Lane Richardson Company, Incorporated. This is the resolution the prosecutor wants reviewed.

The prosecutor Farrell contends that, though no contract had been awarded to him, or anyone else, at the meeting of November 19th, 1931, yet, since, as he claims, he was the lowest qualified bidder on the basis of the selection of alternates made by motion at that meeting, such motion created a vested right in him, Farrell, to the award of the contract, precluding any subsequent exercise of judgment upon the

part of the board in the selection and adoption of alternates. There is no merit to this contention; and the cases cited by the prosecutor (*Montefiore Cemetery Co.* v. *Board of Commissioners of the City of Newark,* 130 *Atl. Rep.* 730; *Hudson Telephone Co.* v. *Jersey City,* 49 *N. J. L.* 303, and *Whitney* v. *Van Buskirk,* 40 *Id.* 463) bear no factual resemblance whatever to the instant case, and express no law in support of Farrell's claim.

After a consideration of the arguments made and the affidavits presented, we find no showing of any substantial irregularity in the proceedings resulting in the award of contract made to Burns Lane Richardson Company, Incorporated, and our conclusion is that in the exercise of sound discretion the writ should be denied.

The application is denied, with costs.