ROCCO VERNIERO, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC AND BOARD OF ADJUSTMENT OF THE CITY OF PASSAIC, DEFENDANTS.

Submitted January 15, 1946. Decided February 27, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutor, *Gurtman & Schomer* (*William N. Gurtman*).

For the respondent, *Thomas E. Duffy* and *Riskin & Riskin*.

The opinion of the court was delivered by

CASE, J. Prosecutor seeks a permit to construct and use a gasoline station at the corner of Oak Street and Paulison Avenue in the City of Passaic. The site is in Residence B District wherein gasoline stations are prohibited. The lands do not abut a district in which such a structure or use is authorized by the ordinance, and the proposed structure or use would be more than 150 feet beyond the boundary line of a district in which such structure or use is authorized by the ordinance.

The Board of Adjustment, after a public hearing, recommended to the mayor and commissioners of the city that the application be granted. The Board of Commissioners, after discussion and after advertisement and opportunity for hearing, rejected the recommendation and denied the application. That denial is before us for review.

Prosecutor's first point is that inasmuch as the Board of Adjustment found, after taking evidence, that the application of the prosecutor should be granted, its determination was a finality and the prosecutor thereupon became entitled, as a matter of law, to have the recommendation approved by the Board of Commissioners. *Harrison* v. *Board of Adjustment,* 6 *N. J. Mis. R.* 570; *Vogel* v. *Board of Adjustment,* 121 *N. J. L.* 236, and *Brandon* v. *Board of Adjustment,* 124 *Id.* 135, cited by prosecutor, do not support the argument; quite the contrary. Where the variant use is more than 150 feet beyond the boundary line of the district in which the use is allowed by the zoning ordinance or the lands do not abut a district in which such a use is authorized, the variant use is not permitted unless the governing body of the municipality approves the recommendation made by the Board of Adjustment. So by the city ordinance; and so by the statute, *R. S.*

40:55–39. The statute provides for an independent determination by the governing body. It does not follow that once the Board of Adjustment has recommended, the governing body must, *pro forma,* approve.

Secondly, prosecutor contends that the act of the Board of Commissioners of the City of Passaic in refusing to approve the recommendation of the Board of Adjustment was arbitrary, discriminatory and unreasonable. The law presumes that a zoning ordinance is reasonable in its application; and the burden is upon the land owner to establish circumstances justifying a variance from the general rule of the ordinance. The single reason assigned by the Board of Adjustment for making its recommendation was that inasmuch as there is a gas station on the opposite corner the denial of the present application would be an arbitrary act. But that finding was neither absolute nor beyond review; else the permitting of a single variant use in a zone prohibited against that use would work an automatic revocation of the restriction throughout the area. A gasoline station involves disturbing effects not merely upon other neighborhood properties but also upon the general, and particularly upon the pedestrian, public. It is not welcomed either in residence or business areas. The problem may not be resolved into the single element upon which the Board of Adjustment based its recommendation. The case does not present the aspect of an existing structure with respect to which the owner seeks a use consistent with general neighborhood conditions. Prosecutor bought with the intention of asking a variance in use and of erecting a new and suitable structure if the use should be permitted. He bought with full notice of the conditions. The facts, in our opinion, do not establish that the refusal of the Board of Commissioners was arbitrary, discriminatory or unreasonable. The conclusion reached by the commissioners was within their field of discretion and was not attended by such incidents as justify a reversal by us. *Cf. Shaiman* v. *Mayor, &c., the City of Newark,* 15 *N. J. Mis. R.* 437; *Saraydar* v. *Newark,* 131 *N. J. L.* 290.

The writ of *certiorari* is dismissed, with costs.