RENATO GIORDANO, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF DUMONT, AND RUDOLF HARTENSTEIN, BUILDING INSPECTOR OF THE BOROUGH OF DUMONT, AND HENRY BERSCH, BOROUGH CLERK OF THE BOROUGH OF DUMONT, DEFENDANTS.

Argued October 7, 1947—Decided November 7, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Abram A. Lebson* and *Stanley W. Bradley*.

For the defendants, *Walter H. Jones*.

The opinion of the court was delivered by

BODINE, J.  This is a zoning case.

In the early part of 1945, the prosecutor obtained a building permit for a gasoline station to be built on his property on Washington Avenue in the borough of Dumont.  No work was done under this permit.  It expired by lapse of time.

On July 8th, 1946, the borough enacted an ordinance, an amendment to the existing zoning ordinance, providing that no premises on Washington Avenue should be used for gasoline filling stations.  After the passage of this ordinance, the prosecutor applied for and obtained an extension of his building permit.  The prosecutor then proceeded to purchase materials and to make contracts for the construction work.  On April 22d, 1947, the borough council revoked the permit and directed the building inspector to recall it.

The action challenged is the revocation of the building permit by the Mayor and Borough Council.

We think that the right to revoke an illegally issued building permit is clear.

Mr. Justice Case, now Chief Justice, said in *Dickinson* v. *Plainfield,* 13 *N. J. Mis. R.* 260, that he did "not understand it to be the law that a property owner may obtain from an unauthorized official a permit to do a forbidden act and then, by proceeding quickly with the work, forestall consideration by the lawfully designated tribunal." This language was approved by the Supreme Court in *Dickinson* v. *Plainfield,* 122 *N. J. L.* 63.

The writ of *certiorari* will be dismissed, with costs.