SUN OIL COMPANY, A BODY CORPORATE OF THE STATE OF NEW JERSEY, PROSECUTOR, v. BOROUGH OF BRADLEY BEACH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted October 7, 1947—Decided November 20, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Durand, Ivins & Carton* (*James D. Carton, Jr.*)

For the respondent, *Parsons, Labrecque, Canzona & Combs* (*Theodore D. Parsons, Joseph R. Megill* and *William R. Blair, Jr.*).

The opinion of the court was delivered by

BODINE, J. This matter is before the court in order to review a resolution of the Board of Commissioners of the Borough of Bradley Beach passed March 12th, 1946, placing a thirty day time limit for the commencement of work under a building permit issued by the borough, and also a resolution of the board passed on June 28th, 1946, revoking building permit No. 78 issued to the prosecutor for the construction of a gasoline service station on the northeast corner of Main Street and Evergreen Avenue in that borough.

It appears that on March 12th, 1945, prosecutor entered into an agreement to purchase the premises in question. Prosecutor reserved the right to cancel the contract if a permit for a gas station was not granted. On June 26th, 1945, the permit was obtained. The application was made as owner rather than as one holding a contract to purchase contingent upon the obtaining of a permit. Title was not taken until March 14th, 1946. It is said that the plans and specifications, for which the permit was granted, were not those under which construction work was started.

At the time of the revocation of the permit, no building operation had been started. After the revocation of the permit the fee paid was returned and accepted by the prosecutor. On July 2d, 1946, an ordinance was adopted precluding gasoline service stations within a radius of 500 feet of any dwelling house, public school, hospital, church, theatre, public library or other public building housing the offices and public records of the municipality. The location in question, where the station was to be built, falls within this ban. It was near a theatre.

In October, 1946, more than three months after the revocation of the permit, prosecutor commenced excavation and grading. The contractor was finally stopped by the police. On February 8th, 1947, more than six months after revocation of the building permit and after written notice thereof,

and more than three months after the contractor had stopped work, the writ was allowed.

Prosecutor contends that the building permit was irrevocable unless the work done thereunder was in violation of the ordinance of the borough. We cannot say that placing a time limit for the commencement of work under a building permit is unreasonable. It does not seem desirable that a permit holder should indefinitely delay the commencement of work. It is not unreasonable that there be a time limit when work must start under a building permit.

It is not necessary to determine whether thirty days is reasonable or unreasonable, but it is obvious that ordinances may be changed in order to properly promote the safety of the public.

It is argued that the prosecutor had a vested right, having acted on the faith of the permit and having expended large sums of money by reason thereof. It appears that the only money that it expended, before notice of the revocation of the permit, was for the purchase of the land which now has a sound value far in excess of that which it paid.

It is next contended that the revocation was illegal because done without a hearing. The evidence shows that the action of the borough was not capricious but was taken to prevent fire and traffic hazard incident to the nearness of a theatre building. Further, we have noted that the ordinance of July 2d, 1946, forbids such gas station at a point where it was proposed to build the station in question.

Since we are obliged, under the rule laid down in *Eastern Boulevard Corp.* v. *Willaredt*, 123 N. J. L. 269, to consider the matter in the light of the ordinance now existing, we think that it can make no difference that such case was on *mandamus* as the prosecutor argues.

The writ will be dismissed, with costs.