16 N.J. Super. 265 (1951)
84 A.2d 555
SUN OIL COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CITY OF CLIFTON, A MUNICIPAL CORPORATION OF NEW JERSEY, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1951.
Decided November 16, 1951.
*267 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. Edward F. Johnson argued the cause for the plaintiff-appellant (Messrs. Collester and Johnson, attorneys).
Mr. John G. Dluhy argued the cause for the defendants-respondents.
The opinion of the court was delivered by FREUND, J.S.C.
This appeal is from a judgment of the Law Division upholding a resolution of the defendant, City of Clifton, denying a recommendation of the board of adjustment to permit the erection of a gasoline service station on property owned by the plaintiff at the corner of Getty and Clifton Avenues, a business district, in said city.
On November 20, 1946, the plaintiff, Sun Oil Company, contracted to purchase the premises in question, expressly conditioned upon obtaining permission of the municipality to use the premises as a gasoline service station. This entailed obtaining permits for installation of gasoline tanks and pumps under Licensing Ordinance No. 151 of the municipality and a permit to erect a gasoline service station building under the provisions of the municipal zoning ordinance.
On February 18, 1947, the municipal council after public hearing adopted a resolution approving the plaintiff's application to install three gasoline tanks and four pumps on the *268 premises and the following day upon payment of the required fees these permits were issued by the city clerk. The pump permits were annually renewed until April 1, 1950, when the clerk refused further renewal because the matter was in litigation.
When the contract for the purchase of the property was executed, Zoning Ordinance No. 2040 was in effect which prohibited motor vehicle service stations in business districts, except by permission of the municipal council. This ordinance was, on February 10, 1947, invalidated by the Court of Errors and Appeals in Finn v. City of Clifton, 136 N.J.L. 34, because it failed to provide a statutory method of appeal, R.S. 40:55-30 et seq. On February 26, 1947, the plaintiff received permission to break the curb in front of the premises, and on the same day applied to the building inspector for a building permit, which was denied because the building plan did not comply with the provisions of the building code as to thickness of walls. The building inspector issued a certificate approving the plot plan, but expressly stating "no actual building permit will be issued until plans have been examined by me and are made to coincide in every respect to our Building Laws and Ordinances and a Civilian Production Authority permit is submitted for said building." Federal regulations then in effect prohibited the use of certain building materials for non-essential building, but such regulations expired June 1, 1947. The plaintiff took title to the premises on March 10, 1947, and the following month cut curbs and installed gasoline tanks. At that time there was no valid zoning prohibition against service stations in business zones. However, on May 6, 1947, the municipal council adopted zoning Ordinance No. 2347, prohibiting motor vehicle service stations in business districts. Thereafter, no building permit for such use could issue unless the governing body authorized a variance.
The plaintiff never applied to the Civilian Production Authority for the required certificate and although the restrictions expired in June, 1947, it did nothing in furtherance *269 of its building plans until April, 1949, when it again submitted plans to the building inspector, but they did not comply with the building code and the application for a permit was denied. The application was renewed on August 12, 1949, but was denied because of the prohibitory provisions of Zoning Ordinance No. 2347. Six months later, the plaintiff on February 23, 1950, applied to the board of adjustment for a variance. On June 22, 1950, the variance was recommended to the municipal council, which, however, denied the recommendation.
The plaintiff thereupon instituted this proceeding, which resulted in a judgment sustaining the action of the defendant.
The appellant does not attack the validity of the pertinent zoning ordinance, but argues (1) that it had a vested right to a building permit, and (2) that the action of the defendants in refusing to grant the variance was arbitrary, capricious and unreasonable.
The law is settled that a municipality may not revoke a building permit granted to an applicant who, upon the faith of it, enters into contractual relations with respect thereto and expends moneys in the prosecution of the work, unless it appears that such permit was obtained by fraud or deceit. Freeman v. Hague, 106 N.J.L. 137 (E. & A. 1929). If a valid permit is issued, then a vested right is acquired thereunder, which cannot be taken away. Montefiore Cemetery Co. v. Newark, 3 N.J. Misc. 1100 (Sup. Ct. 1925).
In the instant matter, the municipality did not grant the plaintiff a building permit, nor was the plaintiff ever entitled to receive one. The plans it submitted to the building inspector in February, 1947, were not in conformity with the building code and hence the plaintiff was not then entitled to a permit. When, after the lapse of about two years, the plaintiff resubmitted plans, the permit was not issued because of the zoning ordinance prohibition. Upon appeal, the board of adjustment recommended a variance, but the municipality declined to accept the recommendation and denied the plaintiff's application.
*270 The function of a board of adjustment under R.S. 40:55-39 (d) is merely advisory to the municipality which may, by resolution, approve or disapprove its recommendation. Potts v. Board of Adjustment of Princeton, 133 N.J.L. 230 (Sup. Ct. 1945); Schaible v. Board of Adjustment of Millburn Township, 134 N.J.L. 473 (Sup. Ct. 1946); Bleloch v. Board of Adjustment of Margate City, 134 N.J.L. 564 (Sup. Ct. 1946); National House & Farms Ass'n., Inc., v. Board of Adjustment, Oakland, 2 N.J. 11 (1949). In Verniero v. Passaic, 134 N.J.L. 71 (Sup. Ct. 1946), Mr. Justice Case said: "The statute (R.S. 40:55-39), provides for an independent determination by the governing body. It does not follow that once the Board of Adjustment has recommended, the governing body must, pro forma, approve."
The plaintiff argues that as the defendant had issued the tank and pump permits, it knew the purpose for which the premises were to be used, and accordingly should have issued the permit for the building. In Salisbury v. Ridgefield, 137 N.J.L. 515 (Sup. Ct. 1948), the obverse of the situation here obtained. There, the appellant had a building permit for a gasoline service station, but tank and pump permits were refused him. The court said: "he was aware that without tanks and pumps he could not use the premises as a gasoline filling station, and he made the expenditures fully cognizant of the risks involved. He was not misled to his injury."
The plaintiff never having had a permit, it could not acquire a vested right. This is not a case where a building permit was issued and subsequently revoked, as in Sun Oil Co. v. Bradley Beach, 136 N.J.L. 307 (Sup. Ct. 1947), affirmed 137 N.J.L. 658 (E. & A. 1948), nor a case where a building permit was illegally issued in the first instance, as in Dickinson v. Plainfield, 13 N.J. Misc. 260 (Sup. Ct. 1935), affirmed 116 N.J.L. 336 (E. & A. 1936), and Home Fuel Oil Co. v. Glen Rock, 118 N.J.L. 340 (Sup. Ct. 1937).
The plaintiff next argues that the defendant's denial of the variance recommended by the board of adjustment was arbitrary, unreasonable and capricious. In its resolution, the *271 board of adjustment detailed the proceedings before it and the facts and reasons for its recommendation. The municipal council, however, stated no facts or reasons for its refusal to accept the recommendation of the board of adjustment, but merely adopted the following resolution:
"RESOLVED: That the request of Sun Oil Company for a variance in Zone affecting Lots 24, 25 and 26 in Block 47, to permit the erection of a gasoline service station corner of Getty and Clifton Avenues, as recommended by the Board of Adjustment, be and the same is hereby denied."
The plaintiff urges that the resolution adopted by the governing body without notice of the meeting or hearing was not based upon any independent determination of the facts. The plaintiff does not contend that it had to be afforded an opportunity to be heard, but argues that "it was the duty of the Municipal Council to make an independent determination. When the Municipal Council takes the recommendation of its inferior boards it may base its determination on that recommendation but when the Municipal Council chooses to overrule the recommendation of its inferior board it should determine the facts and show by its resolution on what basis it arrived at its determination."
The difficulty with this contention is that the statute, R.S. 40:55-39(d), does not require the governing body to give notice or to hold a hearing on the recommendation of the board of adjustment. It merely provides that upon the recommendation of the board of adjustment "the governing body * * * may, by resolution, approve or disapprove such recommendation." In Sandler v. Trenton, 126 N.J.L. 392 (Sup. Ct. 1941), Mr. Justice Case said: "The statute does not direct the governing body to give notice or to conduct a hearing, and we find that under the circumstances of the case there was no error in the non-action." It undoubtedly would be preferable for the resolution of the governing body to state its reason for disapproval of the recommendation of the board of adjustment, particularly when that board had *272 detailed the facts and grounds for its recommendation. But it is for the Legislature, and not for the courts, to prescribe the procedure to be followed by the municipality.
The appellant relies on Lumpkin v. Bernards, 134 N.J.L. 428 (Sup. Ct. 1946) as authority for the contention that the disapproval by the governing body of the recommendation of the board of adjustment was arbitrary, capricious and unreasonable. There, the governing body, without notice of hearing, disapproved a recommendation of the board of adjustment that there be issued a certificate of occupancy to use a building as a non-sectarian boarding school. The zoning ordinance specifically permitted in the area schools owned or leased and conducted by churches. The court construed that the provision of the ordinance permitting the use of the premises as a church school did not preclude its use as a non-sectarian school, and that the denial of the recommendation was accordingly untenable. Construction of a zoning ordinance is in no wise involved in the instant case, nor does the governing body's denial have the fatal attribute of a "shock to reason and justice."
In the absence of a statutory requirement therefor, regardless of the desirability of notice, hearing or a statement of reasons by the governing body upon its disapproving a recommendation of the board of adjustment, we cannot do other than to affirm its action.