50 N.J. Super. 324 (1958)
142 A.2d 237
GULF OIL CORPORATION, A PENNSYLVANIA CORPORATION, ETC., ET AL., PLAINTIFFS-RESPONDENTS,
v.
MAX VOGEL, BUILDING INSPECTOR OF THE CITY OF RAHWAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1958.
Decided May 29, 1958.
*325 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. James F. Patten argued the cause for defendant-appellant.
Mr. Joseph M. Feinberg argued the cause for plaintiffs-respondents (Mr. Sanford Halberstadter, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
The question here is whether a building permit issued by the defendant building inspector of the City of Rahway had expired because no work was commenced under the permit within six months after its issuance, as required by the building code of the municipality. The conclusion of Judge Hetfield in the Law Division was in the negative. The building inspector appeals.
On August 29, 1956 a building permit for the erection of a gasoline station for the plaintiff corporation was issued *326 to one Rapfogel, who had purchased the property for resale to Gulf Oil. At the time there was a brick building on the property, housing a grocery store, a tailor shop and a residence apartment. After issuance of the permit the owner purchased the grocery leasehold for $1,500, that of the tailor shop for a "couple of hundred dollars" and moving expenses, and obtained a new apartment for the resident and gave him "some money." The tenants vacated the building in December 1956. A demolition permit was issued to Gulf Oil January 9, 1957. Prior thereto, the pipes in the building were disconnected, lavatory and electrical fixtures were removed and the shelving was dismantled. Moreover, shrubbery and an outdoor advertising billboard sign were removed. On January 23, 1957, the manager of operations for Gulf Oil requisitioned the purchase of $3,800 worth of equipment for the proposed station. The contract for demolition of the building and construction of the station, however, was not awarded until March 9, 1957, and the contractor began work on March 11, 1957. The tanks were delivered to the premises on March 12 and 13, 1957. On the next day the defendant issued a stop order on the ground that the work had not commenced within six months of the issuance of the permit (i.e., by March 1, 1957). The particular significance of this action is that in September 1956 the municipality adopted an ordinance requiring approval of the Board of Adjustment as a prerequisite for construction of a gasoline service station.
At the trial in the Law Division it was brought out that while the gas station building was not to be erected on the specific site of the old building, the driveways would be, and there was evidence that good construction practice in such a situation called for the removal of the old structure before commencing the erection of the new one. The trial court held that under the circumstances the demolition of the old building must be considered as the commencement of construction under the permit to build a gasoline service station; and that the physical acts recited above as having been done on the property in and prior to the month of January 1957 *327 "was the first step in the demolition process, whether or not it was necessary to obtain a demolition permit for the removal or whether or not it was done for salvage purposes." We are in general accord with these conclusions.
The crucial language of the ordinance before us provides:
"6. Expiration of Permit. A permit under which no work is commenced within 6 months after issuance shall expire by limitation and a new permit shall be secured before work is started."
In the construction of such a provision we are more concerned with the underlying purpose of the legislation than with technical definitions of the verbiage employed. See Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378 (1956). The obvious purpose of the provision here involved is that the permittee not unduly delay the inception of the construction project. That a particular phase of the project, such as the digging of the foundation excavation, or the laying of the first wall brick, has not eventuated, is not determinative of the inquiry as to whether any "work" has commenced under the permit. The question is whether any substantial overt act has taken place on the premises material to the effectuation of the project and manifesting to the municipal authorities, on inspection of the premises, that the work is going forward. In this case such acts took place with the dismantling of the pipes and the stripping of the fixtures of the old building, as well as the removal of shrubbery from the plot. All of these actions were referable to the impending demolition of the building and the latter step was a necessary preliminary of the over-all gasoline station project. Contrast such situations as Giordano v. Dumont, 136 N.J.L. 294 (Sup. Ct. 1947); Sun Oil Co. v. Bradley Beach, 136 N.J.L. 307 (Sup. Ct. 1947).
If the purpose of the governing body was to require any degree of continuity in, as well as the inception of the work during any fixed time period, that could have been expressed in the ordinance. Moreover, as in Kiges v. City of St. Paul, 240 Minn. 522, 62 N.W.2d 363 (Sup. Ct. *328 1953), a specific stage of work progress could have been required in the ordinance, as, for example, in that case, "work above the foundation" within three months after issuance of the permit. We ought not to be astute to find a forfeiture of rights under a building permit when it appears that the owners have in good faith been proceeding steadily, although slowly, with the project, and have invested substantially in preliminary arrangements.
To be distinguished are cases construing the word "construction" in such a materially different context as mechanics' lien legislation where the purpose and object of the requirement is construction of a nature which will readily apprise observers that a building is in progress. Jacobus v. Mutual Benefit Life Insurance Co., 27 N.J. Eq. 604 (E. & A. 1876); James v. Van Horn, 39 N.J.L. 353 (Sup. Ct. 1877). And cf. Delione v. Long Branch Commissioners, 55 N.J.L. 108 (Sup. Ct. 1892); Paterson & Ramapo R.R. Co. v. Paterson, 81 N.J. Eq. 124 (Ch. 1912).
No argument has here been had as to the question whether, apart from the life of the particular permit, the subsequently adopted ordinance was effective in any event to bar continuation of construction under the permit, and we have given no consideration to the point. See Roselle v. Borough of Moonachie, 48 N.J. Super. 17 (App. Div. 1957); affirmed on rehearing 49 N.J. Super. 35 (App. Div. 1958).
Affirmed.