Ernest C. Ekonomon *v*. Town of Milford et al.

Superior Court        New Haven County        File No. 88795

Memorandum filed October 17, 1958

*Frank J. Hennessy,* of Bridgeport, for the plaintiff.

*Richard H. Lynch,* of Milford, for the defendants.

Bogdanski, J. This is an application for the issuance of a temporary injunction brought by the plaintiff, a taxpayer, resident and elected member of the town council of the town of Milford.[1]

In court the parties stipulated that they have agreed that the sole issue to be determined by the court is whether the defendant Chase or the defendant Zender is the validly elected member of the urban redevelopment citizens' agency of the defendant town.

The facts of the case may be summarized as follows: Prior to August 18, 1958, the town council of said town of Milford voted to set up an agency composed of five electors of the town of Milford and accepted nominations of eleven individuals for the

---

[1] The action was for a declaratory judgment and an injunction. At the hearing on a rule to show cause why a temporary injunction should not issue, the parties stipulated what the decisive issue was and that the court might make a final determination of the issue at that time.

aforesaid five positions, said agency to be known as the Urban Redevelopment Citizens' Agency. At a duly called meeting of said town council on August 18, 1958, at 7:30 p.m., with a valid quorum of eleven of the fifteen members present and voting, said town council voted on the aforesaid nominations and elected the defendants Stowe, Raine, Smith, Rottman and one Donald C. Chase to membership on said agency. After said vote result had been announced by the chairman and so recorded in the minutes and the council had proceeded to dispose of other business unrelated to the issues herein, the four councilmen who had not been present during the aforesaid voting arrived at the meeting and asked to be allowed to vote on said nominations. With all fifteen members of the council voting, a motion to suspend the rules to permit said four councilmen to vote on the nominated candidates was passed. After said vote to suspend the rules in the manner above stated, another motion to permit said four councilmen to add their votes to the previously announced totals was passed. Thereupon said four councilmen, voting alone, cast their votes, with the result that the defendant Zender replaced the said Donald C. Chase as a member of said agency.

It is the plaintiff's chief claim that the vote of the town council of eleven members present and voting for the agency members was equivalent to, and must be regarded as, a vote to elect or appoint these agency members; that when the result was announced by the presiding officer, the election or appointment was complete, nothing more being required; that the defendant Chase thereby acquired a vested right to the office; and that it was not in the power of the town council by its subsequent proceedings to deprive him of it.

The issue before the court then narrows down to this question: Notwithstanding the subsequent ac-

tion of the town council, was the result of the first ballot a legal election? If that was its effect without the subsequent action, we then may say that it must have the same force with it. *State ex rel. Coogan* v. *Barbour,* 53 Conn. 76, 83.

This court is of the opinion that the election or appointment in this case was made when the result of the first ballot was ascertained and declared. Nothing more was required of the council to complete it. Its will had been expressed in a parliamentary and legal manner, had been duly declared, and had become a matter of record. Nothing further was required by law. Mr. Chase's right to the office vested at once, and he might without further ceremony accept and qualify. *Hall* v. *Holden,* 116 Mass. 172, 176; *Montefiore Cemetery Co.* v. *Newark,* 3 N.J. Misc. 1100, 1101; *Marbury* v. *Madison,* 5 U.S. (1 Cranch) 137.

The court does not wish to be understood as denying the power of the council to correct errors and to nullify the effects of fraud. If there was a palpable error of fraud, or if the ballot for any cause was illegal, the council might undoubtedly treat it as void, and proceed to another election. *State ex rel. Coogan* v. *Barbour,* supra, 84. But the pleadings show that it was admitted that there was in fact no error or mistake in the first ballot.

Furthermore, it appears from the record and proceedings had at the hearing that the town council had no power of removal except for cause. When the appointing officer or body has not the power of removal, if the power to appoint has been once exercised it is irrevocable, and the appointee will hold office during the term. *Marbury* v. *Madison,* supra; *State ex rel. Cole* v. *Chapman,* 44 Conn. 595, 601; *Putnam* v. *Langley,* 133 Mass. 204, 205. An appointment is complete when the last act required of

the appointing power has been performed. This appointment is. evidenced by an open, unequivocal act which, being the last act required from the person or body making it, necessarily excludes the idea of its being, so far as respects the appointment, an inchoate and incomplete transaction. Some point of time must be taken when the power of the appointive power over an officer, not removable at will, must cease. That point of time must be when the constitutional power of appointment has been exercised. And this power has been exercised when the last act required from the person or body possessing the power has been performed. *Marbury* v. *Madison,* supra.

Wherefore it is found and determined that said Donald C. Chase is a duly elected member of said urban redevelopment citizens' agency; that the defendant Austin R. Zender is not a validly elected member of said urban redevelopment citizens' agency.