**GALA HOMES, INC., et al., Appellants,**

**v.**

**BOARD OF ADJUSTMENT OF the CITY OF KILLEEN et al., Appellees.**

**No. 11416.**

Court of Civil Appeals of Texas.

Austin.

June 29, 1966.

Rehearing Denied July 20, 1966.

Gibson R. Randle, Howell Finch, Austin, for appellants.

Jack W. Prescott, Temple, Bryan, Wilson, Olson & Stem, Wiley W. Stem, Jr., Waco, for appellees.

PHILLIPS, Justice.

This was a suit by appellants, plaintiffs below, for a Writ of Certiorari to the Board of Adjustment of the City of Killeen, Texas, pursuant to the provisions of Article 1011g of the Revised Civil Statutes of Texas in order to review a decision of the Board wherein it found certain building permits issued to appellants by the City of Killeen to be invalid.

The trial court, after reviewing the record and considering the argument and briefs of counsel, declined to reopen the case for additional testimony and held that the record before the court showed that there was substantial evidence before the Board of Adjustment to the effect that appellants' building permits were invalid and that the Board did not act in an arbitrary, capricious, illegal or unreasonable manner in rendering its decision. From this judgment, appellants perfected their appeal to this Court.

We reverse the judgment of the trial court and render judgment herein.

Appellants are before this Court on seven points of error of which we grant the first, second, third and seventh. Consequently, it will not be necessary to pass on the remaining points.

Appellants' first point of error is that of the trial court in not holding that the appeal to the Board of Adjustment by the intervenors was not filed within a reasonable time as required by Article 1011g, V.C.S., and as a result the Board of Adjustment did not have jurisdiction to hear such appeal. Appellants' second point of error is that of the trial court in not holding that appellants relied on intervenors' failure to appeal to the Board of Adjustment and showed such reliance by starting construction and by expending $18,000.00 thereon, all prior to intervenors' appeal to the Board. As a result, intervenors by estoppel, waiver and laches lost their right to appeal to the Board. Appellants' third point of error is that of the trial court in holding that appellants had not started construction within 90 days after issuance of the building permits as required by city ordinance [1] and in holding that legal construction of the term "start of construction"

is governed by the substantial evidence rule. Point of error number seven is that of the trial court in failing to hold that the two year period within which the city ordinance requires that construction be completed should be tolled, commencing with filing of intervenors' appeal with the Board and continuing until final judgment herein, for otherwise a validation of the building permits would be meaningless.

On February 20 and 24, 1964, three building permits were issued to appellants authorizing the construction of certain apartment houses.

On February 24, 1964, the City Council of Killeen passed an ordinance changing the zoning of this property to single family dwelling and provided that building permits issued on or prior to the passage date of the ordinance were valid provided construction started under such permits within 90 days of the passage date of the ordinance.

It is undisputed that appellants, within 90 days after the permit was issued, brought a bulldozer on the property and levelled a portion of it to grade in preparation for the erection of buildings thereon. In addition, appellants put up batter boards which are stakes driven into the ground to mark the corners of the buildings to be erected. In Security Stove & Manufacturing Co. v. Sellards, 133 Kan. 747, 3 P.2d 481, 76 A.L.R. 1397, the digging of an uncovered sewer ditch from an alley to the rear of a proposed building was held commencement of building. In Gulf Oil Corporation v. Vogel, 50 N.J.Super. 324, 142 A.2d 237, the Court found that an old building had to be removed before starting construction of a new one. The Court held that commencement of building had

1. "Chapter 9, Article 2, Subsection 18–5 'Nothing in these regulations nor in any amendments hereto which change district boundaries shall require any change in the plans, construction or designated use of a building which shall be completed in its entirety within two years from the date of the passage of this ordinance, provided such building was authorized by building permit before the passage of this ordinance and further provided that construction shall have been started within 90 days of the passage of this ordinance.' "

started where some pipes were disconnected and electrical fixtures removed from the old building. Some shrubbery had also been cleared away and a billboard removed.

We hold as a matter of law that building had commenced in the case at bar. Board of Adjustment v. Underwood, Tex. Civ.App., 332 S.W.2d 583, writ refused, n. r. e.

■ As stated above, the permits in question were issued February 20 and 24, 1964. In the middle of May, 1964, the 90 day period in which building had to. be commenced would have terminated and appellees would have had the right to attack the permits. They waited until April 14, 1965 to do so. During this 14 month period, from the time that the permits had been granted and the time the appeal had been taken by the intervenors in this case to the Board of Adjustment, appellants had spent in the neighborhood of $18,000.00 construction costs.

Article 1011g, V.C.S., which authorizes appeals to the Board of Adjustment specifies that such appeal shall be taken within a reasonable time. We hold that 14 months delay is not a reasonable time and by virtue of such delay the Board of Adjustment had lost jurisdiction over the appeal.

■ Inasmuch as the permits were prima facie valid, we reverse the judgment of the trial court and render judgment validating the permits. Further, we hold that the two year period within which the city ordinance requires that construction be completed should be tolled, commencing with the filing of intervenors' appeal with the Board and continuing until final judgment herein.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.