340 A.2d 134.

CITY OF CRANSTON *vs.* ALFRED CARPIONATO *et al.*

JUNE 27, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The city of Cranston, by its solicitor, initiated these certiorari proceedings seeking review of a Superior Court judgment that sustained a decision of the Cranston Zoning Board upholding the validity of seven building permits. We ordered the writ to issue. *City of Cranston v. Carpionato,* 112 R. I. 947, 316 A.2d 349 (1974).[1]

It appears from the records before us that permits purporting to authorize the construction of seven apartment buildings on Lot 1354, Assessor's Plat 11/3, were issued by the Cranston building inspector to the applicants on September 5, 1972, and that about a week later a remonstrant, one James H. Surabian, challenged the validity of those permits by appealing to the zoning board from their issuance. Before that appeal was heard, the Cranston City Council on October 24, 1972 changed the zoning of Lot 1354 from Commercial C-2, under which an apartment building was a permitted use, to Residential A-8 in which the only authorized use was a single-family dwelling. On the following day, the building inspector, taking cognizance of that zoning change, ordered the applicants to surrender their permits, and from that order they appealed to the zoning board.

The two appeals were consolidated for hearing, and the board sustained that of the applicants' and denied the remonstrant's. Appeals to the Superior Court then followed, and the decision of that tribunal was no different.

---

[1] We assume, but do not decide, that the city of Cranston, acting by its solicitor, is an aggrieved party in the public sense within the contemplation of *City of East Providence* v. *Shell Oil Co.,* 110 R. I. 138, 290 A.2d 915 (1972) and is therefore entitled to prosecute this writ.

The grounds primarily relied upon by the board were that the permits authorized a lawful use and were valid when issued, that the holders had relied in good faith upon those permits by initiating construction in a reasonably substantial measure, and that therefore, under the doctrine enunciated in *Shalvey* v. *Zoning Bd. of Review,* 99 R. I. 692, 210 A.2d 589 (1965), and *Tantimonaco* v. *Zoning Bd. of Review,* 102 R. I. 594, 232 A.2d 385 (1967), they acquired a right in the use authorized which was not divested by the subsequent amendment of the zoning ordinance making that use unlawful. More importantly to the view we take of the case, both the board and the trial justice concluded that the permits were preserved from impairment or revocation by operation of sec. 30-52 of the Cranston zoning ordinance.[2]

That section, in the trial justice's opinion, was designed to preserve the viability of a lawfully issued permit against impairment by initial or subsequent rezoning, provided that construction thereunder proceeded within prescribed time limits. In the ordinary case, then, a court confronted with facts assertedly within the purview of this type of

---

[2]Section 30-52 of the Cranston City Code (Zoning) reads as follows:

"Nothing herein contained shall require any change in the plans, construction or designated use of a building for which a building permit has been heretofore issued and the construction of which shall have been actually begun within ninety days of the date of such permit, and the ground story framework of which, including the second tier of beams, shall have been completed within one year of the date of such permit, and which entire building shall be completed according to such plans as filed within two years from the date of the passage of the original ordinance comprising this chapter. If any area is hereafter transferred to another district by a change in the district boundaries by amendment, the provisions of this chapter with regard to buildings or premises or building permits issued at the time of the passage of the original ordinance comprising this chapter shall apply to buildings or premises existing or building permits issued in such transferred area at the time of the passage of such amendment."

savings provision would commence its inquiry by ascertaining whether the construction timetable[3] had been met. This case is atypical, however, because the validity of the permits was disputed by the remonstrant within 9 days after their issue, when he appealed to the zoning board thereby staying all proceedings.[4] Accordingly, the trial justice, instead of focusing on whether construction had proceeded according to sec. 30-52, reasoned that it would be "manifestly unjust" to interpret that section as requiring the applicants in these circumstances to proceed with actual construction within its time limits and thereby run the risk of violating the stay required by §45-24-17.[5] For that reason, and in reliance upon our decision in *Tantimonaco* v. *Zoning Bd. of Review, supra,* he concluded that the ordinance's limitations periods ought to be tolled pending final resolution of the challenge to the permits' validity.

The city concedes the general validity of sec. 30-52, but argues that it is operative only if its express conditions are met, that those conditions are precise and ought not to be nullified or extended judicially, and that *Tantimonaco* is distinguishable because it involved a general requirement that all building permits expire unless "acted upon within six months," whereas here the savings provision is specifically designed to give to a holder of a lawfully issued permit only limited protection from the adverse impact of a subsequent zoning change.

---

[3]*See* note 2, *supra.*

[4]General Laws 1956 (1970 Reenactment) §45-24-17 provides in pertinent part:

"An appeal shall stay all proceedings in furtherance of the action appealed from, unless the officer from whom the appeal is taken certifies to the board of review, after the notice of appeal shall have been filed with him, that by reason of facts stated in the certificate a stay would in his opinion cause imminent peril to life or property."

[5]*See* note 4, *supra.*

For the foregoing reasons, the city concludes that the time limitations imposed by sec. 30-52 ought not to be tolled pending litigation of a permit's validity and that therefore the applicants here should lose their permits because their activities on Lot 1354 did not satisfy sec. 30-52's 90-day construction requirement. And even if those activities be deemed sufficient to satisfy that standard, it contends, the permits should still be surrendered because neither the zoning board nor the trial court in their respective decisions satisfied the rule in *Hopf* v. *Board of Review*, 102 R. I. 275, 230 A.2d 420 (1967) requiring that the evidence upon which ultimate findings are based be pointed to with specificity.

Although we agree with the city that *Tantimonaco* v. *Zoning Bd. of Review, supra,* is factually distinguishable from this case, we remain unconvinced that its reasoning is inapplicable here. In that case, we recognized the unlikelihood that a man of common prudence would incur obligations the benefits of which might be cancelled by an adverse decision of this court, and we consequently concluded that an ordinance requiring the activation of a building permit within a fixed period ought not to apply "* * * during such time as the legality of a permit is open to question by reason of litigation amounting to an appeal from the issuance thereof." *Tantimonaco* v. *Zoning Bd. of Review, supra* at 600, 232 A.2d at 388. It seems to us, as it did to the trial justice, that it would be equally impractical and unfair to require permit holders in these circumstances to elect either to defer construction and run the risk of forfeiting the protection of sec. 30-52, or to proceed with construction and face possible sanctions for violating the stay provided for in §45-24-17. A sense of fair play dictates otherwise, and the same considerations that called for relief in *Tantimonaco* compel an extension of comparable relief to a builder who, through no fault of his own, is caught in that predicament.

In this case the doubt cast on the validity of the building permits by the appeal to the zoning board from their issuance still exists and will continue until this decision takes effect. For that and the other reasons given, we concur at least in part with the Superior Court judgment and hold that the limitations periods prescribed by sec. 30-52 are tolled from the time of that initial appeal until the filing of this decision. *See Gala Homes, Inc.* v. *Board of Adjustment,* 405 S.W.2d 165, 167 (Tex. Civ. App. 1966).

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Peter Palombo, Jr.,* City Solicitor, for appellant.

*Tillinghast, Collins & Graham, James A. Jackson,* for Alfred Carpionato and Louis Carpionato & Son Co.

*Hinckley, Allen, Salisbury & Parsons, Stephen J. Carlotti,* for Rose Montaquila, individually and as Executrix of the Estate of John Montaquila.