## THE STATE v. JEREMIAH ASBURY.

On the first day of January, 1857, the defendant was indicted, under article 2,554 of Hartley's Digest, for a misdemeanor in bringing a free person of color within the limits of the State, on the first day of January, 1855 ; *held*, that the indictment was barred by the statute of 1854, requiring the offence to be prosecuted within two years after its commission.

Whether, in the computation of time, the day on which an act is done or an event happens is to be included. or excluded, depends upon the circumstances and reason of the thing, so that the intention of the parties may be effected. Such a construction should be given as will tend most to the ease of the party entitled to favor. The rule laid down in the case of O'Connor v. Towns, 1st Texas Rep., 107, quoted and approved.

APPEAL from Tarrant. Tried below before the Hon. N. M. Burford.

The indictment in this case charged the appellee with unlawfully aiding, assisting, inducing and bringing within the limits of the State a free person of color named Jerry Hardy. The indictment was found on the 1st day of January, 1857, and charged the

offence to have been committed on the 1st day of January, 1855. The court below quashed the indictment on motion of the defendant.

*Attorney-General,* for the appellant.

WHEELER, C. J. This was an indictment for a misdemeanor found before the Penal Code went into effect, under article 2,554 of Hartley's Digest. The law required the offence to be prosecuted within two years after its commission. (Acts of 1854, p. 70, §75.) The indictment was found on the first day of January, 1857, and it charges the offence to have been committed on the first day of January, 1855. Was the prosecution barred by the statute at the time of finding the indictment? We are of opinion that it was. We deem it unnecessary for the decision of this case to enter upon a review of the authorities upon the question of the computation of time. They will be found reviewed in Angell on Limitations, chapter 6. It is said that it is impossible to reconcile the decisions; and the conclusion is deduced that, in the computation of time, whether the day on which an act is done or an event happens is to be included or excluded, depends upon the circumstances and reason of the thing, so that the intention of the parties may be effected. " Such a construction should be given as will operate most to the ease of the party entitled to favor. This is said to be the rule in O'Connor v. Towns, 1 Texas, 107; and besides being sensible in itself, is probably as accurate a statement of the result of all the cases as can be made." (Angell on Lim., ch. 6, § 50, note 5, 3d ed.)

The application of this doctrine to the present case would require the inclusion, in the computation, of the day on which the offence was committed. That is the construction which will operate most to the ease of the party in whose favor the statute was enacted. It is the construction required, moreover, by the rules of construction applicable to criminal cases—that is, that the statutes and proceedings be construed strictly against the prosecution and in favor of the accused. Including, then, the day of the commission of the offence in the computation, the prosecution was not

commenced in time, and is barred by the statute. This opinion requires that the judgment be affirmed.

Judgment affirmed.