Opinion by
White, P. J.
§27. Limitation; computation of time; action for injuries to person. This was an action by appellee for injuries to his person. The petition alleged that the injuries were received May 12, 1881. The petition was filed May 12, 1882. Defendant excepted specially to the petition, that it showed upon its face that the plaintiff’s cause of action was bafred by limitation. The exception was overruled, and judgment obtained by plaintiff. Held, 1st. Actions for injuries done to the person must be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward. [R. S. art. 3202.] 2d. That the petition in this case showed upon its face that the plaintiff’s cause of action was barred by limitation, and the court therefore erred in not sustaining the defendant’s special exception thereto. With regard to the computation of time, with reference to the operation of statutes of limitation, there has been, both in England and America, not only much discussion, but great contrariety of decision, upon what the correct method should be; that is, whether to include or exclude the first day upon which the act was done. It is said that the first day, being partly consumed already, when the act was done, should not be counted, because the law pays no regard to parts or fractions of a day, and that it will, therefore, only commence to estimate the time from the beginning of the next or full day after the act, which rule will exblude the day of the act entirely from the computation. This method of computation seems to be supported by the weight of authority. [Angell on Lim. (3d ed.) 42 to 50; 7 Wait’s Act. & Def. 231.] But in this state the rule is settled that, “in the computation of time, whether the day on which the act was done, or an event happened, is to be included or ex- *32 eluded, must depend upon the circumstances and reason of the thing, so that the intention of the parties may be effected. Such a construction should be given as would operate most to the ease of parties entitled to favor, and by which rights would be secured and forfeitures avoided.” [O’Conner v. Townes, 1 Tex. 107.] It is evident that the statute of limitations with regard to actions for personal injuries was intended for the benefit of the person chargeable with the infliction of such injuries, and also to require prompt action of the party injured. If the latter fails to avail himself of his right in the ample time afforded him by law^ he should not be heard to complain or quibble about the fraction of a day. Statutes of limitation are, in general, passed with a view of settling rights which parties could, but do not, adjudicate within a limited time. They are intended for the quiet and repose of the party supposed to be originally in the wrong. On the other hand, where the statute of limitation was suspended, this was held to be an act in favor of and for the benefit of the creditor, and, therefore, that the day upon which the act went into effect should be excluded in computing the time of the running of the statute. [W. & W. Con. Rep. §§ 327 to 331.] A case directly in point with the one under consideration is that of The State v. Ashbury, 26 Tex. 82.
October 27, 1883.
Reversed and remanded.