## SOUTHWESTERN BELL TEL. CO. v. GOHMERT.

### No. 11963.

Court of Civil Appeals of Texas.
San Antonio.

Filed June 8, 1949.

Rehearing Denied July 6, 1949.

C. S. Slatton, Dallas, Perkins & Floyd, Alice, for appellant.

Werner A. Gohmert, Alice, for appellee.

W. O. MURRAY, Justice.

This suit was instituted in the District Court of Jim Wells County, Texas, by Werner A. Gohmert against the Southwestern Bell Telephone Company, seeking an injunction restraining the telephone company from discontinuing any phone service, interfering with any service, or in any way impairing services of plaintiff, for the failure to pay the sum of $3.57, alleged to be an illegal overcharge of his business telephone for the period from January 21, 1949, to February 21, 1949. The trial judge after hearing evidence granted a temporary injunction as prayed for. The telephone company has prosecuted this appeal.

The first question presented is whether or not the sum of $3.57 is an overcharge against appellee on his business phone for the period stated. Appellee, Gohmert, resides in the City of Alice, and the charge complained of was made against his business telephone in that city. On July 3, 1936, the City Commission of the City of Alice, by a resolution, fixed the rates which the telephone company could charge its patrons. The charge complained of was in excess of the amount allowed by that

resolution. However, on January 17, 1947, the City Commission of Alice, passed another resolution authorizing the telephone company to increase its rates, and on January 21, 1949, the City Commission passed an ordinance permitting the telephone company to raise its rates as theretofore granted in the resolution of January 17, 1949. On January 21, 1949, the telephone company rendered appellee a statement covering the charges on his business telephone from that date to February 21, 1949, in keeping with the rate mentioned in the resolution of January 17th, and the ordinance of January 21st. If the rates mentioned in the resolution of January 17th and the ordinance of January 21st were in effect at the time the statement was rendered then the charge was not excessive. On the other hand, if the rates fixed by the resolution of 1936 were still in effect, there was an overcharge.

■ We are of the opinion that there was no overcharge. The ordinance of January 21, 1949, authorized the telephone company to place in effect "on its first billing date after the final passage of this ordinance" the schedule of rates of which appellee now complains. Article 1013, Vernon's Ann.Civ.Stats., provides, among other things, "ordinances not required to be published shall take effect on their passage, unless otherwise provided." The next billing date of the telephone company was on January 21, 1949, or, in other words, the ordinance was passed on the same day as the telephone company's billing date. It is contended that inasmuch as the law knows no fraction of a day the rates fixed by the ordinance of January 21st would not take effect until the next day, or January 22d. We do not agree with this contention. It will be borne in mind that the statute does not provide that an ordinance shall be effective from and after the day on which it is enacted, but rather that it should take effect on its passage. Therefore, any time after this ordinance had been passed it was effective. In Arnold v. United States, 9 Cranch 104, 3 L.Ed. 671, Justice Story said:

"It is contended that this statute did not take effect until the 2d day of July; nor, indeed, until it was formally promulgated and published. We cannot yield assent to this construction. The statute was to take effect from its passage; and it is a general rule that where the computation is to be made from an act done, the day of which the act is done is to be included."

Another well-known recognized exception to the fiction that the law knows no fraction of a day is stated in 41 Tex.Jur. 344, as follows:

"In the computation of time, technical construction of particular phrases are disregarded and effect is given to the intention of the parties as ascertained from the context or subject matter."

The ordinance of January 21, 1949, reflects the urgency of the increased rates and the fact that the telephone company was then entitled to the increase without delay. The facts and circumstances leading up to the passage of the ordinance unmistakably show an intention of the City Commission to grant the increase on the telephone company's billing date of January 21st.

In State v. Asbury, 26 Tex. 82, 83, we find the following:

"It is said that it is impossible to reconcile the decisions; and the conclusion is deduced, that, in the computation of time, whether the day on which an act is done or an event happens is to be included or excluded, depends upon the circumstances and reason of the thing, so that the intention of the parties may be effected."

■ Furthermore, municipal corporations have no power to regulate rates charged by privately owned utilities unless such power has been delegated to them by the Legislature. Fink v. Clarendon, Tex. Civ.App., 282 S.W. 912; Coleman Gas and Oil Company v. Santa Anna Gas Company, Tex.Com.App., 67 S.W.2d 241; Article 1119, Vernon's Ann.Civ.Stats., reads in part as follows:

"The governing body of all incorporated cities and towns in this State incorporated under the General Laws thereof shall have the power to regulate, *by ordinance,* the rates and compensation to be charged by all persons, companies, or corporations

using the streets and public grounds of said city or town, and engaged in furnishing water, gas, telephone, light, power, or sewerage service to the public, and also to prescribe rules and regulations under which such commodities shall be furnished, and service rendered, and to fix penalties to enforce such charges, rules, and regulations." (Italics ours.)

■ It will be noted that this article requires that rates be fixed *by ordinance* and therefore it does not authorize the fixing of rates by resolution. Therefore, the resolution of July 3, 1936, was ineffective to fix the telephone rates in the City of Alice. Vance v. Town of Pleasanton, Tex. Civ.App., 261 S.W. 457; Galveston, H. & S. A. Ry. Co. v. Harris, Tex.Civ.App., 36 S.W. 776; Harvey v. City of Seymour, Tex.Civ.App., 14 S.W.2d 901.

However, if the resolution of 1936 was effective to fix the telephone rates, then by the same token the resolution of January 17, 1949, would be effective to change those rates and, this being true, then the billing sent out on January 21, 1949, was proper. We therefore conclude that the $3.57 complained of by appellee was not an excessive charge by the telephone company, but was in keeping with the rates which it was authorized to charge.

■ Appellee offered no evidence to show that he would be injured if the telephone company should discontinue the services to him. In the absence of proof that he would thus be injured, the injunction should not have been granted. Renfroe v. Johnson, Tex.Civ.App., 175 S.W.2d 92.

■ Furthermore, there is no proof that the telephone company was threatening to disconnect appellee's telephone service for failure to pay the $3.57, and in the absence of such proof the injunction should not have been granted. We cannot presume that the telephone company would disconnect appellee's telephone service because he refused to pay a part of the bill rendered upon the ground that it was an illegal charge. While we understand that telephone companies will ordinarily discontinue service to patrons who refuse to pay their bills, but where such refusal is based upon a bona fide dispute and a contention that the charge is excessive there would be no presumption that, under such circumstances the telephone company would discontinue service to such a party.

The order of the trial judge granting the temporary injunction will be reversed and the application for temporary injunction dismissed.