The ZONING BOARD OF ADJUSTMENT OF the CITY OF LUBBOCK, Tex., and Herman Guinn

v.

GRAHAM & ASSOCIATES, INC.

No. 07–82–0264–CV.

Court of Appeals of Texas, Amarillo.

Dec. 31, 1983.

Rehearing Denied Jan. 23, 1984.

Mick McKamie, City Atty., Greenville, McWhorter, Cobb & Johnson, David R. Langston and Brian P. Quinn, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a controversy over the validity of a building permit issued by a City of Lubbock building inspector, revoked by Lubbock's Zoning Board of Adjustment and reinstated by the trial court. We reverse and render in part and affirm in part.

On December 30, 1980, a building housing a nightclub in Lubbock was partially destroyed by fire. Because of zoning changes enacted after the club opened, it was operating as a legal non-conforming use at the time of the fire. Under the Lubbock zoning ordinance, as quoted in the parties' briefs, a non-conforming use can continue, after reconstruction, if the expense of restoring the damaged structure does not exceed 75% of the replacement cost of the building. A Lubbock building inspector determined that the expense of restoring the building did not exceed 75% of the replacement cost and issued a building permit to Lester Shaver, owner of the property, on June 23, 1981.

Appellant Herman Guinn, who lived near the club, and others living in the area, did not want the non-conforming use to continue, because of problems caused by patrons of the club, and Guinn attempted unsuccessfully to prevent issuance of the permit. Before and after issuance of the permit, Guinn observed various activities on the premises, including the delivery in mid-August, 1981, of steel beams and the commencement of reconstruction work soon thereafter. After talking to various people and attending several hearings related to the matter, Guinn appealed the building inspector's decision to issue the permit. The appeal, to the appellant Zoning Board of Adjustment, was filed on December 29, 1981. By that date, Shaver had spent approximately $50,000.00 reconstructing the building.

The Zoning Board, after a hearing in February of 1982, revoked the building permit, concluding that restoration expenses would exceed 75% of replacement cost. Appellee Graham and Associates, Inc., lessee of the property in question, then petitioned the district court for a writ of certiorari, pursuant to article 1011g, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1982), and asked the district court to reinstate the building permit, declare that the building could be completed and enjoin the Zoning Board from revoking the permit or interfering with the construction of the building. The relief sought by Graham & Associates was granted pursuant to its motion for partial summary judgment and Guinn and the Zoning Board then perfected an appeal to this

court, attacking the trial court's judgment and injunction by various points of error.

Before we resolve the appellants' points of error, we must resolve a threshold issue. Graham & Associates has filed a motion to dismiss the appeal, contending that this is an accelerated appeal from a temporary injunction, and that Guinn and the Zoning Board did not perfect the appeal within the time limits required by Rule 385 of the Texas Rules of Civil Procedure. The issue is even broader than stated by Graham & Associates, however, because the judgment is based on a motion for "partial" summary judgment.

In order to resolve the problem, we must analyze several instruments in the record. By its original petition, Graham & Associates asked the trial court, as pertinent here, to

"enter judgment determining the rights of the parties, and declaring that the building permit heretofore issued by the Building Inspector be held valid and enforceable, and declaring that the building in question can be completed; ..."

It also asked for an injunction to enforce the foregoing relief. Graham & Associates subsequently moved for partial summary judgment, asking for the same relief quoted above. The judgment rendered by the trial court states, as pertinent here:

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by the Court that the Motion for Summary Judgment of the Defendant, Zoning Board of Adjustment of the City of Lubbock, is denied and that the Plaintiff's Motion for Partial Summary Judgment be, and the same is hereby granted and sustained, and it is ORDERED, ADJUDGED and DECREED by the Court that Building Permit No. 08239 for the construction of the building located on Lot 13, Block 7, C.C. Leftwich Addition to the City of Lubbock, Lubbock County, Texas is valid and enforceable and that the building in question may be completed in accordance with the provisions of such permit.

&ast; &ast; &ast; &ast; &ast; &ast;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Temporary Injunction sought by Plaintiff is granted and IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Defendant Zoning Board of Adjustment (City of Lubbock, Texas) and the City of Lubbock, Texas and all officers, agents and employees thereof and all parties in privity with it, be, and are hereby temporarily enjoined and restrained from enforcing the decision of the Zoning Board of Adjustment of the City of Lubbock, Texas in revoking the Building Permit No. 08239 for the construction of the building located on Lot 13, Block 7, C.C. Leftwich Addition to the City of Lubbock, Lubbock County, Texas, or otherwise interferring with such construction, pending the completion of construction of such building.

&ast; &ast; &ast; &ast; &ast; &ast;

All other relief sought by any party herein not hereinabove granted is hereby denied.

The injunction issued by the trial court is consistent with the foregoing judgment and is entitled "Writ of Temporary Injunction."

■ We are required to determine, sua sponte, whether we have jurisdiction of an appeal. *University Interscholastic League v. Payne*, 635 S.W.2d 754, 755 (Tex.App.—Amarillo 1982, writ dismissed). Thus, the foregoing instruments present a dual problem: 1) is this an impermissible attempt to appeal from an interlocutory summary judgment, *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Com.*, 159 Tex. 550, 324 S.W.2d 200 (1959), and 2) is the injunction temporary and therefore not timely pursued in this court? Tex.R.Civ. Pro. 385. We conclude that both inquiries must be answered in the negative.

■ The general rule is that a judgment, to be final, must dispose of all issues and parties in the case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). The name given the instrument is immaterial. If the judgment recites its own finality, but leaves parties unlitigated and issues unresolved, it

is interlocutory. *Springwoods Shopping Center, Inc. v. University Savings Association,* 610 S.W.2d 177, 178 (Tex.Civ.App.—Houston 1980, writ ref'd n.r.e.). If, however, the judgment resolves all issues and the rights of all parties, it will be treated as a final judgment for appellate purposes, even if it purports to be an interlocutory decree. *Highland Park State Bank v. Salazar,* 555 S.W.2d 484, 486 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.).

■ The same underlying principles are applicable to our resolution of the second problem. The courts examine the substance, not the form, of an injunction to determine whether it is permanent or temporary. *Conway v. Irick,* 429 S.W.2d 648, 649 (Tex.Civ.App.—Fort Worth 1968, writ ref'd). An injunction is temporary if it is effective "pending further order of the court." *Aloe Vera of America, Inc. v. CIC Cosmetics International Corp.,* 517 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1974, no writ). Conversely, an injunction is permanent if the relief granted does not depend on any further order of the court, *Aloe Vera of America, Inc. v. CIC Cosmetics International Corp., supra,* or leaves nothing further to be litigated in the case. *Owens v. Coker,* 368 S.W.2d 959, 960 (Tex.Civ. App.—Beaumont 1963, no writ).

■ Graham & Associates brought this suit to prevent the Zoning Board from revoking the building permit or interfering with the reconstruction of the building. The summary judgment grants that relief and the injunction enforces it, leaving nothing further to be done in the trial court for or against any party to the suit. Emphasizing the finality of the relief is the concluding sentence of the judgment denying all relief not specifically granted. Therefore, we conclude that the judgment is final and the injunction permanent, vesting us with jurisdiction of the case. The motion to dismiss is denied.

■ In resolving the merits, we must focus initially on the timeliness of Guinn's appeal from the building inspector's decision to issue the building permit. Graham

& Associates contended, as one of the grounds for its motion for summary judgment, that the appeal was not timely. Guinn, by his first three points of error and the Zoning Board, by its first two points, raise that issue here, contending that the appeal was timely or that any complaint about timeliness was waived.

The right to appeal the building inspector's decision is established by article 1011g(d), which states:

(d) Appeals to the Board of Adjustment may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality affected by any decision of the administrative officer. *Such appeal shall be taken within a reasonable time,* as provided by the rules of the Board, by filing with the officer from whom the appeal is taken and with the Board of Adjustment a notice of appeal specifying the grounds thereof . . . . [Emphasis added.]

Thus, this being a summary judgment proceeding, the specific question is whether Guinn's December 29, 1981 appeal of the June 23, 1981 decision to issue a building permit was, as a matter of law, not "taken within a reasonable time." If it was not timely, as the trial court concluded, the Zoning Board did not have jurisdiction to hear the dispute. *Gala Homes, Inc. v. Board of Adjustment,* 405 S.W.2d 165, 167 (Tex.Civ.App.—Austin 1966, writ ref'd n.r. e.). Because the record does not contain any "rules of the Board" delineating a reasonable time, we must be guided by common law principles in resolving the question.

In *Price v. Horace Mann Life Insurance Co.,* 590 S.W.2d 644, 646 (Tex.Civ.App.—Amarillo 1979, no writ), this Court stated that a "reasonable time" is a relative term. "It never means an indulgence in unnecessary delay; instead, it denotes such promptitude as the circumstances will allow . . . ." We also observed in that case that the determination of a reasonable time is ordinarily a mixed question of law and fact to be determined by the fact finder. Where, however, the time span substantially ex-

ceeds the period needed to take the necessary action, the delay becomes unreasonable as a matter of law. *See Hamilton v. Shirley-Self Motor Co.,* 202 S.W.2d 952, 954 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n.r.e.).

Only one Texas case has addressed this question in an article 1011g appeal. In *Gala Homes, Inc. v. Board of Adjustment, supra,* the court held that a 14 month delay between issuance of the permit and taking of the appeal, during which time approximately $18,000.00 had been spent on construction costs, was not reasonable as a matter of law.

We reach the same conclusion in this case. A six month delay between issuance of the building permit and perfection of an appeal to the Zoning Board of Adjustment is, under this record, unreasonable as a matter of law; it is not such promptitude as the circumstances allow. *Price v. Horace Mann, supra.* To hold otherwise is to place the holder of the permit and those relying on the permit in the intolerable position of either proceeding at their own risk or delaying construction for six months in order to learn whether someone is going to appeal the issuance of the permit. Although we need not decide how long would not be unreasonable as a matter of law, we note that in ordinary civil and criminal appeals in the judicial system, periods substantially less than six months must be observed. *See, e.g.,* Tex.R.Civ.Pro. 353, 356, 363; Tex. Code Crim.Proc.Ann. arts. 40.08, 44.09 (Vernon 1979 & Supp.1982).

The Zoning Board and Guinn argue that Guinn did not have actual notice that a nightclub was going to be housed in the building to be constructed on the property until early November, 1981. We note, however, that Guinn, by his own testimony before the Zoning Board, was acutely interested in preventing the reconstruction of the building and "back in late spring" he tried to stop the issuance of the building permit. Also, he was aware by August or September, 1981, that the building was going to be reconstructed. Although he may not have received actual notice when the building

permit was issued, he possessed sufficient facts to require him to diligently pursue the matter. *Morris v. Reaves,* 580 S.W.2d 891, 893 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Portman v. Earnhart,* 343 S.W.2d 294, 297 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.).

Guinn also argues that Graham & Associates waived its right to question the timeliness of his appeal. He points to activity by Graham & Associates before the Zoning Board in October of 1981, when the corporation applied for a variance under provisions of the zoning ordinance relating to a nonconforming use. On advice of counsel, the Zoning Board took no action on the request. The application, says Guinn, invoked the Board's jurisdiction and was a waiver of Graham & Associates' right to question the Board's jurisdiction of his appeal.

■ We perceive two fallacies in the argument. First, jurisdiction of the subject matter of a dispute cannot be waived. *City of Lubbock v. Bownds,* 623 S.W.2d 752, 757 (Tex.App.—Amarillo 1981, no writ). Second, the application by Graham & Associates was made and disposed of before Guinn had appealed and there is no evidence that the corporation was then aware that Guinn intended to appeal. Thus, its action could not be characterized as a waiver, because it did not know it was waiving anything. *Hemenway Co. v. Sequoia Pacific Realco,* 590 S.W.2d 545, 549 (Tex.Civ.App. —San Antonio 1979, writ ref'd n.r.e.); *Scherer v. Wahlstrom,* 318 S.W.2d 456, 459 (Tex.Civ.App.—Fort Worth 1958, writ ref'd); *Smith v. McKnight,* 240 S.W.2d 368, 371 (Tex.Civ.App.—Amarillo 1951, no writ). Guinn's points of error one, two and three and the Zoning Board's points of error one and two are overruled.

By his fourth point of error, Guinn contends timeliness of the appeal is an immaterial issue because the building permit was void and subject to collateral attack at any time. He says the permit was void because the building inspector did not follow proper procedures in determining whether the building was 75% destroyed. Additionally, says Guinn, the City is denying him equal

protection of the law by applying the zoning ordinances in a discriminatory fashion.

■ Assuming, for the purpose of resolving this point, that the rules applicable to void and voidable judgments can be analogized to building permits, we are satisfied the permit is not void. A void judgment usually carries evidence of its invalidity upon its face. It may, for example, attempt to adjudicate a subject matter over which the court has no jurisdiction. *Tidwell v. Tidwell,* 604 S.W.2d 540, 542 (Tex. Civ.App.—Texarkana 1980, no writ). Conversely, a voidable judgment appears valid on its face but is erroneous for some reason that is not affirmatively discernable from the face of the judgment. *City of Lufkin v. McVicker,* 510 S.W.2d 141, 144 (Tex.Civ. App.—Beaumont 1973, no writ).

■ From the record before us, it is apparent that the building inspector had jurisdiction of the subject matter; indeed, no one contends he did not. If he applied an erroneous formula or in some other manner erred in his determination that the building was not 75% destroyed, his decision may be erroneous, but that does not render the permit void.

■ Guinn's contention that the zoning ordinance was applied in a discriminatory fashion must fail because the record before us does not contain evidence demonstrating constitutionally impermissible activity. *See Neagle v. Nelson,* 658 S.W.2d 258, 260 (Tex. Civ.App.—Corpus Christi 1983, no writ). Point of error four is overruled.

The Zoning Board, by its third point, and Guinn, by his ninth point, attack the injunction. After first arguing that the "temporary" injunction is in reality a permanent injunction, a contention we sustained in resolving the motion to dismiss, the Board says the pleadings and proof will not support the injunction and Guinn says the proof will not support it.

Although the pleadings are general, we conclude that they adequately state a request for injunctive relief. We agree with Guinn and the Board, however, that the evidence supporting the injunction is deficient.

■ The judicial branch should always exercise caution in restraining the executive or legislative branches in the performance of their governmental duties. *Sterrett v. Bell,* 240 S.W.2d 516, 519 (Tex. Civ.App.—Dallas 1951, no writ). Thus, there must be evidence that the entity to be enjoined intends to do the act sought to be enjoined. *Luccous v. J.C. Kinley Co.,* 376 S.W.2d 336, 341 (Tex.1964). If, for example, the governmental representatives express an intent to continue illegal acts, and other requirements for relief are satisfied, then the injunction is proper. *Rowan v. Pickett,* 237 S.W.2d 734, 738–39 (Tex.Civ. App.—San Antonio 1951, no writ). If, however, there is no or insufficient evidence of intent to act in a manner injurious to the party seeking the relief, then the injunction should not be granted. *See, Southwestern Bell Tel. Co. v. Gohmert,* 222 S.W.2d 644, 646 (Tex.Civ.App.—San Antonio 1949, no writ.) In the latter case, the applicant has simply failed to prove injury.

■ In this case, the trial court rendered judgment validating the building permit. The trial court then enjoined the Zoning Board and its representatives from revoking the permit or interfering with construction of the building. There is no evidence in the record, however, to indicate that the Board intends to disregard the trial court's judgment or interfere with construction of the building. Absent evidence to the contrary, we must presume that the Board will respect the judgment and act in a manner consistent with it. Therefore, Graham & Associates has not shown injury or threat of injury and is not entitled to injunctive relief. The Zoning Board's point three and Guinn's point nine are sustained.

By his eighth point, Guinn contends the trial court abused its discretion in assessing costs against him. Because article 1011g(n) prohibits taxing of costs against the Zoning Board, except in unusual circumstances not pertinent here, the trial court assessed all costs against Guinn. That is unfair, argues Guinn, because it deters interested citizens

from exercising the rights granted by article 1011g.

The assessment of costs is a matter within the discretion of the trial court and its action is reversible only for abuse of discretion. *Lemons v. Davis,* 306 S.W.2d 224, 228 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). Rule 131 of the Texas Rules of Civil Procedure allows the successful party to "recover of his adversary all costs incurred, therein, except where otherwise provided." A successful party is one who obtains a judgment of a competent court vindicating a civil claim of right. *Lovato v. Ranger Insurance Co.,* 597 S.W.2d 34, 37 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

In this case, no one disputes Graham & Associates' status as the successful party in the trial court. It received all that it sued for and was entitled, under Rule 131, to recover its costs. Because costs could not be assessed against the Zoning Board, only Guinn remained to bear the burden. Thus, the trial court did not abuse its discretion in assessing.

We agree that the procedure places an additional burden on citizens who unsuccessfully pursue the remedies granted by article 1011g. We note, however, that the statute permits municipal officials and "any person aggrieved" to pursue those remedies, but exempts only the Board from costs. Thus, we must conclude that the Legislature did not intend to shield individuals proceeding under the statute from assessment of costs. Ground of error eight is overruled.

The remaining points of error need not be resolved. The Zoning Board's fourth point is a general restatement of its position under its first three points. Our rulings on those points render point four moot. Guinn's points five and six are anticipatory attacks on various grounds relied on by Graham & Associates in the trial court. Because we have not affirmed the summary judgment on those grounds, they are also moot. Guinn's point seven urges reinstatement of the Board's decision because it is supported by substantial evidence. Although all parties agree that the decision is to be tested by the substantial evidence rule, *City of Lubbock v. Bownds,* 623 S.W.2d 752 (Tex.App.—Amarillo 1981, no writ), we do not reach that question because we have concluded that the Board did not have jurisdiction of the appeal. Thus, Guinn's seventh point is also moot.

That portion of the trial court's judgment ordering issuance of an injunction is reversed and judgment is here rendered dissolving the injunction. In all other respects, the judgment of the trial court is affirmed.