

# NUMBER 13-09-601-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SEA MIST COUNCIL OF OWNERS,                                    Appellant,

v.

THE BOARD OF ADJUSTMENTS FOR THE TOWN OF
SOUTH PADRE ISLAND TEXAS AND THE TOWN OF
SOUTH PADRE ISLAND, TEXAS, PALMS INVESTMENT
GROUP, LTD., AND PRM MANAGEMENT COMPANY,          Appellees.

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Justice Vela**

Appellant, Sea Mist Council of Owners ("Sea Mist"), appeals an order of the trial

court granting summary judgment in favor of the intervenors, Palms Investment Group, Ltd.

and PRM Management Company ("Palms"). By two issues, Sea Mist urges that the trial court erred in granting the summary judgment because the Board of Adjustments of the Town of South Padre Island ("Board of Adjustments") erred in concluding that Sea Mist did not file its appeal to the Board of Adjustments timely, and that it erred in allowing an occupancy certificate to be given to Palms because its parking configuration did not meet the requirements of the zoning ordinance. We affirm.

## I. BACKGROUND

This case arises from a series of appeals to the Board of Adjustments over the operation of an establishment called "Café on the Beach". Sea Mist is a group of condominium owners whose condominiums are located near the café. Palms is the owner of the café and the attached condominium building. Sea Mist brought suit pursuant to section 211.011 of the Texas Local Government Code, which allows a party to file a verified petition in a district court, county court at law, or county court, challenging the legality of a decision of the Board of Adjustments. See TEX. LOC. GOV'T CODE ANN. § 211.011 (Vernon 2008). As a quasi-judicial body, the decisions of a zoning board are subject to appeal before a state district court upon application for a writ of certiorari. Id. § 211.011(a), (b). The district court sits as a court of review. City of Dallas v. Vanesko, 189 S.W.3d 769, 771 (Tex. 2006). Here, Sea Mist filed its original petition and application for writ of certiorari, seeking review of the denial of its appeal on April 12, 2007. Sea Mist urged that the Board of Adjustments should have revoked the occupancy permit issued to the Palms for the construction of a café because "such accessory use does not comply with the Town's parking requirements." The occupancy permit was issued September 7,

2

2006 and the building permit to create a food and beverage outlet was issued May 18, 2006. Sea Mist had previously filed an appeal to the Board of Adjustments challenging the decision to issue the building permit based on a zoning issue with respect to a mixed beverage permit. That case is presently on appeal to this Court in Cause No. 13-10-00011-CV, and is styled *Sea Mist Council of Owners, Michael Boswell, Ray Hunt and Nancy Hunt v. The Board of Adjustments for the Town of South Padre Island and the Town of South Padre Island, Texas*.

Sea Mist's claim in this cause is that the certificate of occupancy should be withdrawn because of the failure of the building inspector to determine the number and dimension of the parking spaces located on the Palms resort condominiums. On January 9, 2008, Palms filed a motion for summary judgment on the ground that the appeal to the Board of Adjustment was not timely pursuant to section 211.010(b) of the Texas Local Government Code. *Id*. § 211.010(b). The trial court granted the final summary judgment on September 29, 2009, based on an untimely appeal to the Board of Adjustments.

## II. STANDARD OF REVIEW

We review a trial court's granting of a traditional motion for summary judgment under a de novo standard of review. *See Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g). To prevail on a summary judgment motion, a moving party must establish that no genuine issue of material fact exists and judgment should be granted as a matter of law. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex.

3

2001). In deciding whether there is a genuine issue of material fact, we resolve any doubts against the movant, view the evidence in a light most favorable to the non-movant, and take as true evidence favorable to the non-movant. *Id.*; *see Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985)). An appellate court must review all of the summary judgment grounds on which the trial court ruled, and may consider any grounds on which the trial court did not rule. *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex. 1999).

### III. ANALYSIS

The trial court's order granting summary judgment specifically states that Sea Mist's appeal to the Board of Adjustments regarding whether Palms complied with the Town of South Padre's parking requirements was not timely as a matter of law. By Sea Mist's second issue, it argues that the trial court erred in finding that it did not file its application within a reasonable time. Section 211.010(b) of the Texas Local Government Code provides for an appeal to the board of adjustment, as follows:

> The appellant must file with the board and the official from whom the appeal is taken a notice of appeal specifying the grounds for appeal. *The appeal must be filed within a reasonable time as determined by the rules of the board.* On receiving the notice, the official from whom the appeal is taken shall immediately transmit to the board all the papers constituting the record of the action that is appealed (emphasis added).

*Id*. § 211.010(b).

At the time Sea Mist filed its appeal, the Board of Adjustments did not have any rules in place that prescribed a time period in which to file an appeal. At the same meeting where the appeal was denied, however, the Board of Adjustments amended its rules to require that all appeals must be filed within thirty days from the date of the decision by the

4

administrative official.

There is a dearth of case law interpreting what constitutes reasonable time to bring an appeal under section 211.010(b). The Board of Adjustments and Palms rely primarily on *Zoning Bd. of Adjustment of the City of Lubbock v. Graham & Assocs., Inc.*, wherein the court utilized common law principles in resolving the issue of reasonableness in the absence of Board rules delineating what a reasonable time would be. 664 S.W.2d 430, 434 (Tex. App.–Amarillo 1983, no writ). The Amarillo court held that a six-month delay between the issuance of a building permit and perfection of an appeal to the board of adjustment was, as a matter of law, unreasonable. *Id*. at 435. There, the court reasoned that to hold otherwise would place the permit holder and those relying on the permit in a position of either proceeding at their own risk or delaying in order to determine if someone is going to appeal the issuance of a permit. *Id*. The court stated that "although we need not decide how long would not be unreasonable as a matter of law, we note that in ordinary civil and criminal appeals in the judicial system, periods substantially less than six months must be observed." *Id.*

Here, the Palms was issued a building permit in May 2006, and an occupancy permit was issued in September 2006, yet Sea Mist did not file its appeal until January 19, 2007. Sea Mist argues that the trial court was incorrect in granting judgment on the timeliness issue because there was no rule in place at the pertinent time. We agree with Sea Mist that there is a statutory requirement in place providing that the board is to adopt a rule limiting the time for appeal, and there was no rule in place at the time this case came before the Board of Adjustments. *See* TEX. LOC. GOV'T CODE ANN. § 211.010(b). However, we agree with the trial court's determination that a delay of more than six-months from the

5

issuance of the building permit and more than four months from the issuance of the occupancy permit is unreasonable as a matter of law. The right of Sea Mist to appeal must be balanced with the Palms' right to have its right to a permit finally determined. The right to appeal an ordinary civil case must be accomplished no later than ninety days after judgment if proper post-judgment motions are filed. *See* TEX. R. APP. P. 26.1(a). We agree with the reasoning in *Graham* that common law principles dictate that a four or six month delay, as occurred in this case, is too long. We overrule issue two. Thus, we need not address issue one because it is not dispositive. *See* TEX. R. APP. P. 47.1.

## IV. MOTION TO SUPPLEMENT BRIEF

On June 1, 2010, Sea Mist filed a motion to supplement its brief and its supplemental brief. The Palms has filed a response and opposition to the brief. On June 15, 2010, the Court granted Sea Mist's motion to supplement. Upon further reflection, the Court believes the motion to supplement was improvidently granted for the reasons stated herein. Sea Mist filed its original brief on February 11, 2010. Its supplemental brief, filed nearly four months after filing its original brief, raises a new issue that could have been previously raised in its original brief. In essence, we liken Sea Mist's request to supplement to a situation where a new issue is raised in a reply brief. A reply brief may not be used to raise new issues even to refute a matter raised in an appellee's response. *Mayan Mgmt. Group, L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 754 (Tex. App.–Dallas 2009, no pet.); *see* TEX. R. APP. P. 38.3. Thus, we withdraw our previous order granting the motion to supplement the brief and deny Sea Mist's motion to supplement its brief. We also dismiss appellee/intervenor's motion to supplement brief as

6

moot.

## V.  Conclusion

We affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
22nd day of July, 2010.

7